**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EDITH E. GATES; EDWARD L. GATES,
Plaintiffs-Appellants,

v.

JAMES B. KING, Director, United
States Office of Personnel
Management,

Defendant-Appellee,

No. 96-2710

and

BLUE CROSS & BLUE SHIELD OF
VIRGINIA, INCORPORATED, t/a Trigon
Blue Cross Blue Shield,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-96-825-A)

Submitted: October 7, 1997

Decided: November 18, 1997

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gary Howard Simpson, Bethesda, Maryland, for Appellants. Helen F.
Fahey, United States Attorney, Paula P. Newett, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edith and Edward Gates appeal from the district court's order granting summary judgment to the Defendant, Office of Personnel Management ("OPM"), on the ground that OPM did not act in an arbitrary and capricious manner, abuse its discretion, or act contrary to the law in affirming Trigon Blue Cross/Blue Shield's denial of health care coverage to Mrs. Gates. We affirm.

Edith Gates is the spouse of Edward Gates, a retired federal employee who enrolled in and received health benefits from the Trigon Blue Cross/Blue Shield Service Benefit Plan (the"Plan"). Mrs. Gates suffers from post-polio syndrome, which arises approximately thirty years after a person suffers from polio. Due to the polio, Mrs. Gates suffered muscle damage to her upper extremities, and is now experiencing pain, weakness, and a gradual loss of the ability to use her upper arms. Mrs. Gates' treating physician, Dr. Roberta Gartside, requested that the Plan pre-authorize benefits for suction assisted lipectomy of the upper extremities, and second stage excision of the excess skin and fat to alleviate problems associated with post-polio syndrome. The Plan denied the claim stating that the procedure was not medically necessary.**1**

_____

**1** Under the Plan, benefits are provided only for services that are medically necessary. The Plan defines medically necessary as:

> Services, drugs, supplies or equipment provided by a hospital or covered provider of health care services that the Carrier determines:
>
> 1) are appropriate to diagnose or treat the patient's condition, illness or injury;
>
> 2) are consistent with standards of good medical practice in the United States;

2

Dr. Gartside and Mr. Gates appealed the Plan's denial of preauthorization to the OPM. The appeal was supported by letters from Dr. Gartside and Mrs. Gates' internist, orthopedist, and rehabilitation physician stating that the medical procedure was necessary to alleviate the affects of post-polio syndrome. OPM requested that the Plan provide a report on the claim and also requested that its Medical Officer review the claim. The Plan furnished a report in which it stated the medical procedure requested was "non-covered" and "not medically necessary." The Medical Officer opined that the treatment for the post-polio syndrome would not prevent Mrs. Gates from losing the use of her arms because "[h]er weakness is due to deterioration of spinal cord cells and is progressive no matter what is done." (J.A. 92). A letter from Dr. Anthony Grasso of the National Rehabilitation Hospital in Washington, D.C., also noted evidence of thoracic spine degenerative joint disease. Following a review of the requested reports, the plan brochure, and the several letters from Mrs. Gates' various physicians, the OPM notified Mrs. Gates of its affirmance of the Plan's denial of preauthorization.

Under the Federal Employees Health Benefits Plan ("FEHBA"), OPM has the authority to contract with private health insurance carriers to provide federal employees and retirees with health care benefits. See 5 U.S.C. § 8902(a) (1994). Federal employees enroll in a plan approved by OPM, and OPM is authorized to decide what benefits and exclusions it considers "necessary and desirable." See 5 U.S.C. § 8902(d); 5 C.F.R. §§ 102-104, 890.101(a), and Subparts C,

_____

> 3) are not primarily for the personal comfort or convenience of the patient, the family, or the provider;
>
> 4) are not a part of or associated with the scholastic education or vocational training of the patient; and
>
> 5) in the case of inpatient care, cannot be provided safely on an outpatient basis.
>
> The fact that a covered provider has prescribed, recommended, or approved a service, drug, supply or equipment does not, in itself, make it medically necessary.

(J.A. 144).

3

D, and K. A covered individual may seek judicial review of an OPM final action denying health benefits. See 5 C.F.R. § 890.107 (1997). This Court reviews the decision of OPM under the arbitrary and capricious standard of review. See 5 U.S.C.§ 706(2)(a) (1994); Caudill v. Blue Cross & Blue Shield of North Carolina, 999 F.2d 74, 80 (4th Cir. 1993).

Agency action may not be set aside as arbitrary and capricious if the action has a rational basis in the administrative record. See American Meat Inst. v. United States Dep't of Agric. , 646 F.2d 125, 127 (4th Cir. 1981). The OPM based its affirmance of the Plan's denial of coverage on the language in the Plan's brochure, documents submitted by the Plan, documents submitted by Mrs. Gates, and the assessment of OPM's medical consultant. Thus, OPM based its decision on relevant factors. Further, there is a rational connection between the facts found and the final decision that the treatment is not medically necessary. Appellants contend that because there is a small medical advantage from the proposed procedure, it is enough to qualify Mrs. Gates for care under the Plan. However, the terms of the Plan do not include procedures that are beneficial under its definition of "medically necessary." Accordingly, we affirm the district court's order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4